UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH H. ZERNIK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09-805 (RJL) |
| ) | |
| U.S. DEPARTMENT OF JUSTICE, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION
(June 29, 2009)

This matter is before the Court on *pro se* plaintiff Joseph Zernik's petition for a writ of mandamus and plaintiff's motion to disqualify this Court [Dkt. #3]. For the following reasons, the Court will deny the motion to disqualify and dismiss the petition *sua sponte* for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990) (district court may dismiss complaint *sua sponte* if it is patently obvious that plaintiff cannot prevail on the facts as alleged).

Plaintiff's petition centers primarily on events related to the compelled sale of his house, as ordered by the Los Angeles Superior Court in August 2007 following contentious litigation over a purchase and sale agreement. (*See* Pet. at 3-38.) Plaintiff alleges that his civil rights were abused in that proceeding, and he now seeks a writ of mandamus ordering the U.S. Department of Justice, Federal Bureau of Investigation, and Securities and Exchange Commission to investigate alleged frauds committed by Bank of

1

America Corporation (as successor to Countrywide Financial Corporation), alleged harassment by the law firm Bryan Cave LLP, and alleged corruption and fraud in the California state and federal courts.[1] (*See generally* Pet. at 99-110.) Plaintiff also seeks a writ of mandamus ordering investigations into the alleged abuse of Richard Fine, an attorney imprisoned in Los Angeles County, and into the alleged wrongful imprisonment of 10,000 individuals in the late 1990s in connection with the Rampart Scandal. (Pet. at 96-98.) Finally, plaintiff also asserts a civil RICO claim pursuant to 18 U.S.C. § 1964(c) and False Claims Act claim pursuant to 31 U.S.C. § 3729 against Bank of America for alleged conduct related to plaintiff's loss of his house and for alleged conduct related to the nation's subprime mortgage crisis.

At the outset, the Court addresses plaintiff's motion to disqualify. A judge shall disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or in which the judge has "personal knowledge of disputed evidentiary facts concerning the proceeding," *id.* § 455(b)(1), among other circumstances. Plaintiff contends that this Court's service as Deputy Chief Minority Counsel for the U.S. House Select "Iran-Contra" Committee warrants recusal here, based on plaintiff's allegation that the Iran-Contra affair was "a key event in the abuse of [Los Angeles] County residents," (Mot. at 1), which plaintiff briefly identifies in his petition as

---

[1] In connection with plaintiff's allegations regarding the California state courts, plaintiff also seeks an writ of mandamus (1) ordering certain Los Angeles Superior Court actions be deemed void and/or vacated, (Pet. at 99-102), (2) ordering that the Grant Deed filed with the Los Angeles County Registrar in connection with plaintiff's former property be deemed void, (Pet. at 108), and (3) ordering Bryan Cave LLP to provide him with information concerning its representation of Countrywide in the litigation involving plaintiff's house, (Pet. at 110-112).

evidence of widespread abuse of Los Angeles residents' civil rights. Because this Court's prior service does not call into doubt the Court's impartiality due to the wholly unrelated nature of Iran-Contra's alleged connection to this case, and because this Court does not have personal knowledge of any facts relevant to plaintiff's petition, plaintiff's motion to disqualify will be DENIED. *See S.E.C. v. Loving Spirit Found. Inc.*, 392 F.3d 486, 493 (D.C. Cir. 2004) ("Recusal is required when a reasonable and informed observer would question the judge's impartiality.").

A writ of mandamus is "a drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004) (internal quotation marks and citations omitted); *see also Doe v. Exxon Mobil Corp.*, 473 F.3d 345, 353 (D.C. Cir. 2007). The Court's mandamus authority derives from 28 U.S.C. § 1361, and it extends only to "officer[s] or employee[s] of the United States or any agency thereof[.]" Further, a writ of mandamus is available only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff." *In re Medicare Reimbursement Litig.*, 414 F.3d 7, 10 (D.C. Cir. 2005) (internal citation omitted). A court may issue a writ of mandamus only if "the duty to be performed is ministerial and the obligation to act peremptory and clearly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and undisputable." *Shoshone Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) (internal citation omitted).

Plaintiff's petition fails to seek any writs of mandamus this Court could permissibly issue. First, this Court cannot review the decisions of state courts or direct

state court judicial offers in the performance of their duties. *See In re Taylor*, No. 04-7070, 2004 WL 2009373, at *1 (D.C. Cir. Sept. 9, 2004) (per curiam) (denying petition for writ of mandamus "because this court has no authority over the Superior Court of the District of Columbia"); *In re Carter*, No. 92-8033, 1992 WL 381041, at *1 (D.C. Cir. Dec. 2, 1992) (per curiam) (citing *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986) (federal appellate courts lack authority to "direct state courts or their judicial officers in the performance of their duties")). Similarly, 28 U.S.C. § 1361, by its plain language, does not permit this Court to compel action by state officials or private entities. And finally, it is well established that this Court cannot order the Executive Branch to exercise its prosecutorial discretion to perform an investigation. *Heckler v. Chaney*, 470 U.S. 821, 831 (1985); *Gray v. Bell*, 712 F.2d 490, 513 (D.C. Cir. 1983). Accordingly, plaintiff's petition for a writ of mandamus must be dismissed in all respects for failure to state a claim.

Plaintiff's civil RICO and False Claims Act claims must also be dismissed. To state a civil RICO claim, a plaintiff must allege four elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Pyramid Securities Ltd. v. IB Resolution, Inc.*, 924 F.2d 1114, 1117 (D.C. Cir. 1991) (internal citation omitted). The term "pattern of racketeering activity" is defined as requiring the commission of at least two predicate racketeering offenses over a ten year period. *See* 18 U.S.C. § 1961(5). Plaintiff alleges seven predicate racketeering offenses to support his claim, including collusion in robbery, mail fraud, and wire fraud. (Pet. at 93.) Each and every of plaintiff's alleged predicate racketeering offenses, however, relates solely to the

compelled sale of plaintiff's house in 2007. (*See id.*) As such, plaintiff fails, at a minimum, to allege a *pattern* of racketeering activity, as his claims relate to a single alleged scheme, for which he was the sole injured party. *See W. Assocs. Ltd. ex rel. Ave. Assocs. Ltd. v. Mkt. Square Assocs.*, 235 F.3d 629, 634 (D.C. Cir. 2001) (plaintiff failed to allege a "pattern of racketeering activity" where plaintiff only alleges "a single scheme, a single injury, and a single victim"). And finally, as to plaintiff's False Claims Act claim, while "private persons acting on behalf of the government may sue those who defraud the government and may share in any proceeds ultimately recovered," *United States ex rel. J. Cooper & Assoc., Inc. v. Bernard Hodes Group, Inc.*, 422 F. Supp. 2d 225, 233 (D.D.C. 2006) (internal citation omitted); 31 U.S.C. § 3730(b), *pro se* plaintiffs are not qualified to represent the interests of the United States in such an action, *United States ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 16 (D.D.C. 2003), *aff'd*, No. 03-7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004), *cert. denied*, 543 U.S. 820 (2004). Accordingly, plaintiff's civil RICO and False Claims Act claims must also be dismissed for failure to state a claim.

Thus, for all of the above reasons, the Court will DENY plaintiffs' motion to disqualify and will DISMISS plaintiff's petition for a writ of mandamus. An appropriate Order will issue with this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge